UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>THE MAGLIOCCO GROUP INC.,<br><br>   Defendant. | Case No. 21-cv-07148-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 16 |

  The Magliocco Group's motion to dismiss is granted. Binding Ninth Circuit law dictates that only "actual, physical places where goods or services are open to the public" qualify as "public accommodations" under Title III of the Americans with Disabilities Act. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). There must be, therefore, "some connection between the good or service complained of and an actual physical place" to state a claim. *Id.* When it comes to websites, whether there exists some "nexus" between the website and a physical location proves "critical." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019).

  The complaint fails to plausibly allege a nexus between the Magliocco Group's website and a physical location. It asserts that Gomez is blind and requires the assistance of a screen reader to use a computer. And it explains that he sought to use the Magliocco Group's website to access its real estate services but that he encountered difficulties because the website's design prevented the use of a screen reader. But the complaint does not allege a connection between the website—which lists real estate offerings—and a physical location. It states only that the Magliocco Group "operates privileges, goods or services out of a physical location in California"

and concludes that the website "is a nexus" between the customers and the "terrestrial based privileges, goods or services" offered by the company. Those conclusory allegations fall short. Gomez does not assert that the Magliocco Group operates any physical location (such as a real estate office) that customers might visit in person. Nor does he allege that the various real estate offerings listed on the website, like private homes for sale, qualify as public accommodations under the Act. The complaint fails to allege any facts detailing what "physical location" the Magliocco Group operates. *See Gomez v. Smith*, 2022 WL 117763, at *3 (N.D. Cal. Jan. 12, 2022) (dismissing the complaint on similar facts); *see also Gomez v. Gates Estates, Inc.*, 2022 WL 458465, at *4–5 (N.D. Cal. Feb. 15, 2022) (same).

  Gomez asks that the Court take judicial notice of the Magliocco Group's website, which lists two addresses at the bottom. But those addresses do not save the complaint. Even if the Court were to take notice, the mere existence of two addresses does not suffice to state a "nexus" between the website and a place of public accommodation. Are the listed locations offices open only to employees? Or are they public-facing storefronts such that the website "connect[s] customers to the goods and services" of the Magliocco Group? *Domino's Pizza*, 913 F.3d at 905–06. Absent additional facts, the ADA claim fails on its face. Gomez's Unruh Act claim suffers the same fate because, as he concedes, it is "premised exclusively on his ADA claim."

  One more thing: The Magliocco Group moves to dismiss for lack of jurisdiction under Rule 12(b)(1), rather than for failure to state a claim under Rule 12(b)(6). But "[t]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."). Where a plaintiff fails to allege "a cognizable legal theory," dismissal is appropriate for failure to state a claim and not because a federal court lacks the power to adjudicate the dispute. *See Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). That is the case here. As the Ninth Circuit has explained, to

"prevail on a Title III discrimination claim, the plaintiff must show that . . . the defendant is a private entity that owns, leases, or operates a place of public accommodation." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). By failing to allege a nexus between the Magliocco Group's website and a physical place of public accommodation, Gomez fails to plausibly state a claim under the Act.

This labeling snafu does not, however, demand a different outcome. *See Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) ("Since nothing in the analysis of the courts below turned on the mistake, a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion."); *see also Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1027 (9th Cir. 2021) (declining to remand "to the district court simply to direct it to affix a new label to its order"). The Magliocco Group's motion is best construed as a motion to dismiss for failure to state a claim, and it is granted on that basis. For that reason, Gomez's request for jurisdictional discovery is denied as futile.

Gomez may file an amended complaint within 21 days of this order.

**IT IS SO ORDERED.**

Dated: April 22, 2022

VINCE CHHABRIA
United States District Judge